IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-551-FL

| | |
|---|---|
| CONEJITA CONTI SUTHERLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANDREW SAUL, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 22, 24). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, issued a memorandum and recommendation ("M&R") (DE 26), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R, and defendant responded. In this posture, the issues raised are ripe for ruling. For the following reasons, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

On September 13, 2016, plaintiff filed an application for supplemental security income, alleging disability beginning July 17, 2016. The application was denied initially and upon reconsideration. A hearing was held on September 25, 2018, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled in decision dated February 6, 2019.

Plaintiff appealed the ALJ's decision to the appeals council. On October 21, 2019, the appeals council denied plaintiff's request for review, making defendant's decision final with respect to plaintiff's claims. Plaintiff commenced the instant action in December 2019, seeking judicial review of defendant's decision.

**DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citations omitted). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "'include a narrative discussion describing how the evidence supports each conclusion,' " Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th

2

Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 13, 2016, the date of plaintiff's application. (Transcript of the Record ("Tr.") 17). At step two, the ALJ found that plaintiff had the following severe impairments: obesity; hypothyroidism; headache; history of orthostatic syncope; anxiety disorder; affective disorder; attention deficit hyperactivity disorder; bipolar disorder; and post-traumatic stress disorder. (Id.). However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations. (Tr. 18); see 20 C.F.R. § 404, Subpt. P, App. 1.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform medium work, subject to the following limitations:

> [T]he claimant: can frequently climb ramps and stairs, but can occasionally climb step ladders up to four vertical feet in height, with no climbing of higher ladders, or of ropes or scaffolds of any height. She can frequently balance, stoop kneel, crouch, and crawl. The claimant can occasionally exposure [sic] to moving mechanical parts and high, exposed places. She can tolerate exposure up to and including moderate noise. The claimant can occasionally interact with supervisors, coworkers, and the public. She is limited to unskilled work as defined by SSR 83-10, with no production pace work on assembly lines. She can tolerate occasional changes to the work setting and the manner and method of performing the assigned work.

(Tr. 20). At step four, the ALJ concluded plaintiff is unable to perform any past relevant work. (Tr. 24). At step five, the ALJ found that there are jobs that exist in significant numbers in the

national economy that plaintiff can perform. (Id.). Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act. (Tr. 25).

B.   Analysis

Plaintiff argues that remand is required because the ALJ's RFC determination did not account for plaintiff's moderate limitations regarding concentration, persistence, and pace.[1] The magistrate judge thoroughly and cogently addressed this argument in the M&R. (See M&R 7-10). Upon de novo review of plaintiff's arguments and the record in this matter, the court adopts the analysis in the M&R. The court writes separately to address arguments raised in plaintiff's objections.

RFC "refers to a claimant's capabilities despite her impairments." Lawrence v. Saul, 941 F.3d 140, 141 n.2 (4th Cir. 2019) (citing 20 C.F.R. § 404.1545(a)). "[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019). Taking into account all medically determinable impairments of which the ALJ is aware, as well as evidence of the intensity and persistence of symptoms caused by those impairments, the ALJ's "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. Monroe, 826 F.3d at 179; Mascio, 780 F.3d at 636 (quoting SSR 96–8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)). Where the ALJ says plaintiff can perform certain functions, he must discuss plaintiff's "ability to perform them for a full workday." Mascio, 780 F.3d at 636.

---

[1] The magistrate judge addressed additional arguments raised by plaintiff concerning ALJ's treatment of the opinion of physician assistant Andrew Lytton, to which plaintiff has not articulated specific objections. Upon careful review of the M&R and the record generally, the court finds no clear error in the magistrate Judge's treatment of these issues.

5

"Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC." Thomas, 916 F.3d at 311; Woods v. Berryhill, 888 F.3d 686, 689 (4th Cir. 2018). Because the ability to perform simple tasks and the ability to stay on task are distinct, "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Mascio, 780 F.3d at 638 (internal quotations omitted).

Here, the ALJ determined that plaintiff had moderate limitations with regard to concentration, persistence, and pace. (Tr. 19). Then, the ALJ limited plaintiff to "unskilled work . . . with no production pace work on assembly lines" and concluded that "[s]he can tolerate occasional changes to the work setting and the manner and method of performing the assigned work." (Tr. 20). According to plaintiff, this RFC is deficient because it fails to address her ability to stay on task for a full workday, as required by Thomas, 916 F.3d at 312.

Importantly, however, the United States Court of Appeals for the Fourth Circuit "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020). Furthermore, where substantial evidence supports the RFC limitations, an ALJ's failure to specifically account for a claimant's moderate difficulties with regard to concentration, persistence and pace does not require remand. Id.; see Sizemore v. Berryhill, 878 F.3d 72, 80-81 (4th Cir. 2017).

Here, substantial evidence regarding plaintiff's ability to stay on task during the workday supports the ALJ's RFC determination. Specifically, in evaluating plaintiff's "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms", Dr. Sean Sayers ("Dr. Sayers"), a state agency psychological consultant, concluded that plaintiff

"is able to <u>sustain attention</u> to complete a small variety of tasks at a semi-rapid pace." (Tr. 112) (emphasis added). In addition, Dr. Sayers opined that plaintiff is "able to <u>sustain</u> basic work activities in a low stress, low production setting, with low social demands." (Tr. 113) (emphasis added).

After noting that Dr. Sayers's opinion was consistent with plaintiff's mental health history, the ALJ indicated that he "has considered this opinion, and has incorporated it in part by stating the residual functional capacity using language that more specifically defines the capabilities and limitations of the claimant in the work setting." (Tr. 22). In doing so, the ALJ expressly connected plaintiff's ability to stay on task to the RFC limitations, building the requisite "logical bridge from the evidence to his conclusion." <u>Monroe</u>, 826 F.3d at 189 (citation omitted).

Plaintiff's reliance upon several district court cases, remanding because the RFC did not account for a claimant's ability to stay on task, is unavailing. Where, as here, the ALJ explicitly relied on a medical source's evaluation of plaintiff's ability to stay on task, where substantial evidence supports that evaluation, and where the ALJ connected that evaluation to the RFC, the ALJ's failure to expressly quantify the number of hours or days that plaintiff can work does not require remand. <u>See</u> <u>Sizemore</u>, 878 F.3d at 80–81 (rejecting argument that remand was required where ALJ connected his assessment of plaintiff's limitations to the RFC by relying upon medical opinions that plaintiff "would generally be able to maintain [attention] for at least two [hours] at a time as needed to do simple, routine tasks" and that plaintiff "show <u>sustained</u> <u>attention</u> to perform simple repetitive tasks") (emphasis added).

7

## CONCLUSION

Based on the foregoing, and upon de novo review of the record, the court adopts the M&R. Plaintiff's motion for judgment on the pleadings (DE 22) is DENIED, and defendant's motion for judgment on the pleadings (DE 24) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of March, 2021.

*Louise V. Flanagan*
LOUISE W. FLANAGAN
United States District Judge